UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRANDON S. RODRIGUEZ,

        Petitioner,

v.

BRIAN MCAULIFFE,

        Respondent.

**MEMORANDUM & ORDER**
21-CV-06543 (HG)

HECTOR GONZALEZ, United States District Judge:

    Petitioner Brandon S. Rodriguez ("Petitioner" or "Mr. Rodriguez"), currently incarcerated at Riverview Correctional Facility, proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the denial of Petitioner's motion for a stay of judgment and release pending the appeal to his conviction. Mr. Rodriguez pled guilty in a proceeding pending in Queens County Supreme Court (the "Trial Court") to two counts of second degree criminal possession of a weapon, two counts of seventh degree controlled substance possession and one count of fourth degree marijuana possession, but preserved his right to appeal. Petitioner was sentenced to a 42-month sentence, to be followed by three years of post-release supervision. Petitioner thereafter filed a notice of appeal to the Appellate Division, Second Department, and on August 28, 2020, Appellate Advocates was assigned to represent Petitioner on the appeal of his conviction. Respondent Brian McAuliffe, Superintendent of the Riverview Correctional Facility, ("Respondent" or "Mr. McAuliffe") opposes the petition.

    For the reasons set forth below, the petition is dismissed.

# BACKGROUND

### A. Facts

On March 27, 2018, police officers in Queens County, New York stopped Mr. Rodriguez in his car. *See* ECF No. 9-3 at State Record ("SR"). 066. A grand jury thereafter indicted Mr. Rodriguez on two counts of criminal possession of a weapon in the second degree, a misdemeanor count of criminal possession of marijuana in the fourth degree, and two misdemeanor counts of criminal possession of a controlled substance in the seventh degree. *See id.* at SR. 001-004. On December 3, 2019, Mr. Rodriguez pled guilty to the indictment but expressly preserved his right to appeal. *See id.* at SR. 073. On January 14, 2020, the Trial Court rendered a judgment of conviction and sentenced Mr. Rodriguez to a term of imprisonment of 42 months. *Id.* On January 15, 2020, Mr. Rodriguez timely filed a notice of appeal. *See id.* at SR. 005. On August 28, the Appellate Division granted Mr. Rodriguez poor person relief and assigned him counsel. *See id.* at SR. 016-018. On February 11, 2021, Mr. Rodriguez filed his counseled motion for a stay of judgment and bail pending appeal of his conviction in the Appellate Division. *See id.* at SR. 020-262. On June 30, 2021, the Appellate Division denied Mr. Rodriguez's motion. *See id.* at SR. 369.

### B. Procedural History

On November 7, 2021, Petitioner filed the instant petition before the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1. On November 17, 2021, Mr. Rodriguez moved for leave to proceed *in forma pauperis,* ECF No. 2. On November 30, 2021, Petitioner submitted a *pro-se* memorandum of law in support of his petition, ECF No. 6. Respondent submitted his response to the petition on March 1, 2022, ECF No. 9. On March 18, 2022, Petitioner filed his reply in opposition to Respondent's response, ECF No. 10.

## STANDARD OF REVIEW

**A. Deferential Standard of Review**

To determine whether a petitioner in state custody is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), which provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

A state court decision is "contrary to" clearly established federal law if "the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court" or, "when presented with 'facts that are materially indistinguishable from a relevant Supreme Court precedent,'" and the state court arrived at a different result. *Evans v. Fischer*, 712 F.3d 125, 132 (2d Cir. 2013) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.

Apart from a state court's adjudication of a claim that was an unreasonable or contrary application of federal law, a district court may grant a writ of habeas corpus when the state court

3

decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The state court's determination of the facts is presumed to be correct, however, and the petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B. Exhaustion Requirement

A District Court shall not review a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The Second Circuit has adopted a "two-stage inquiry for determining whether the requisite exhaustion has occurred." *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981). First, the petitioner must have fairly presented "his [or her] federal constitutional claim to an appropriate state court," *id.*, and "apprise[d] the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition," *Galdamez v. Keane,* 394 F.3d 68, 73 (2d Cir. 2005). *See also Morrison v. Brown,* No. 11-CV-3366, 2019 WL 267190, at *4 (E.D.N.Y. Jan. 18, 2019) ("To satisfy this requirement, a prisoner must have fairly presented to an appropriate state court the same federal constitutional claim that he [or she] now urges upon the federal courts, either in the form of explicit constitutional arguments or by alleging facts that fall well within the mainstream of constitutional litigation.") (internal quotation marks and citations omitted). That is to say, the state court claim must have (1) raised "[the same] factual and . . . legal premises" as the federally asserted claim, and (2) have been presented in a way that was "likely to alert the [state] court to the claim's federal nature." *Daye v. Attorney Gen. of N.Y.,* 696 F.2d 186, 191-92 (2d Cir. 1982) (en banc).

Second, after "having presented his [or her] federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure appellate review of the denial of that claim." *Klein,* 667 F.2d at 282. "Although a petitioner need not petition the United States Supreme Court by writ of certiorari, the state prisoner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them." *O'Neal v. New* York, 465 F. Supp. 3d 206, 214-15 (E.D.N.Y. 2020) (internal citations omitted). "Specifically, [petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Id.* at 215 (alteration in original).

"To that end, '[t]he chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court.'" *Id.* at 215 (quoting *Daye*, 696 F.2d at 192) (alteration in original).

## C. *Pro Se* Petitioner Consideration

Petitioner Rodriguez is proceeding *pro se.* As such, his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *O'Neal*, 465 F. Supp. 3d at 216 (citing *Erickson v. Pardus*, 551 U.S. 89 (2007) (internal quotation marks omitted)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after [*Bell Atlantic Corp. v.*] *Twombly*[, 550 U.S. 544 (2007)]," courts "remain obligated to construe a *pro se* complaint liberally"). "Nonetheless, a *pro se* [litigant] is not exempt from compliance with relevant rules of procedural and substantive law." *Gutierrez v. Capra*, No. 14-CV-6887 (KAM), 2019 WL

5

1508454, at *7 (E.D.N.Y. Apr. 5, 2019) (internal quotation marks and citations omitted) (alteration in original). Petitioner's submissions are evaluated accordingly.

## DISCUSSION

In the instant proceeding, Petitioner is not challenging his conviction, but only the denial of his motion for a stay of judgment and bail pending appeal of his conviction.  The issue the petition raises, as phrased by Petitioner, is whether "[the] state court arbitrarily denied petitioner bail pending appeal of his state conviction, where bail is authorized by state statute" in violation of the Eighth and Fourteenth Amendments of the United States Constitution.  *See* ECF No. 6 at 1.

The petition and supporting memorandum superimpose Petitioner's view of the facts of his case over the statutory considerations for bail under New York Criminal Procedure Law § 510.30(1) and (2).  These statutory factors consist of the:

> (i) petitioner's "activities and history"; (ii) underlying charges; (iii) "criminal conviction record"; (iv) record of "previous adjudication as a juvenile delinquent"; (v) "previous record with respect to flight to avoid criminal prosecution"; (vi) "financial circumstances"; (vii) "violation . . . of an order of protection, [if any]"; (viii) "history of use or possession of a firearm"; (ix) "whether the charge is alleged to have caused serious harm to an individual or group of individuals"; and (x) "the merit or lack of merit of [the petitioner's] appeal"

*See* N.Y.C.P.L § 510.30(1).

Petitioner argues that all of these factors point so strongly in Petitioner's favor that the Appellate Division's denial of the bail motion can only be seen as arbitrary and capricious, and thus in violation of the Excessive Bail Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.  *See* ECF No. 6 at 2-7.

Respondent opposes on the grounds that: (i) Petitioner's claim under the Eighth and Fourteenth Amendments is not cognizable on federal habeas review; (ii) even if cognizable,

Petitioner's claim is meritless because the reviewing court need not address the merits or the issue of exhaustion; (iii) Petitioner has failed to exhaust his constitutional claim in state court; and (iv) even assuming that the claim is both cognizable and unexhausted, the Appellate Division's decision did not unreasonably apply the law so that there is nothing arbitrary about the state court's denial of bail and no federal constitutional violation.

### A. The Right to Challenge the Denial of Bail Pending Appeal by Federal Habeas Corpus

Petitioner fails to raise a cognizable constitutional claim. There is no absolute federal constitutional right to bail pending appeal after a conviction in the state courts. *See Brown v. Wilmot*, 572 F.2d 404, 405 (2d Cir. 1978). As to the Eighth Amendment, no Supreme Court case supports "the proposition that the arbitrary application of a bail statute post-conviction constitutes an Eight Amendment violation cognizable in federal habeas corpus." *Garson v. Perlman*, 541 F. Supp. 2d 515, 524 (E.D.N.Y. 2008). Petitioner relies primarily on the Second Circuit's decision in *Finetti v. Harris*, 609 F.2d 594 (2d Cir. 1979) to argue the availability of habeas corpus to challenge the denial of bail pending appeal. *See* ECF No. 10 at 1. However, to be afforded due process protection, a state procedural right must implicate those rights that the Supreme Court has long considered fundamental. *See Mitchell v. Ward*, 409 F. Supp. 3d 117, 120-21, 124 (E.D.N.Y 2017) (citing *Evitts v. Lucey*, 469 U.S. 387, 403 (1985)) ("[T]he state procedural right granted by § 460.50—to apply for a stay of the execution of a judgment pending determination of an appeal and to be released or have bail set in the interim—does not involve any such fundamental interest protected by the Due Process Clause."). Petitioner's challenge to the adjudication of his bail and stay application is not cognizable on habeas review pursuant to § 2254, which restricts judicial review to the constitutionality of a petitioner's detention, not of the adjudication of a discretionary application for temporary bail and stay of proceedings. *See*

7

*Garson*, 541 F. Supp. 2d at 527 ("Petitioners [*sic*] claim for bail pending appeal [under N.Y.C.P.L. § 460.50] presents neither an issue of fundamental right, as both sides agree that there is no right to post-conviction bail, nor is it relevant to his right to a fair trial."). *See also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

Petitioner further argues that the Appellate Division incorrectly applied a state-procedural right. *See* ECF No. 6 at 2 ("Petitioner fully satisfied all state statutory standards, independently and collectively."). Relying on *Finetti*, Petitioner argues that there was an "obvious defect" in his conviction and implies that there is no rational basis for the denial of bail. *See Finetti*, 609 F.2d at 599 ("[O]nce a state makes provision for such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably."). Even if the Court accepted Petitioner's contention that his claim is cognizable, which it does not, it is nevertheless the case that "the role of a federal habeas court in reviewing a state denial of bail pending appeal is extremely limited." *Robinson v. Sears*, No. 07-CV-2890 (GEL), 2007 WL 2962338, at *1 (S.D.N.Y. Oct. 10, 2007).[1] Indeed, "the mere failure of the state court to articulate reasons for its denial of bail pending appeal does not create a 'presumption of arbitrariness.'" *Finetti*, 609 F.2d at 601 (citation omitted). Rather, even where a state court does not articulate particular reasons for denying bail pending appeal, "the defendant bears the burden of showing that there is no rational basis in the record for the denial of bail." *Id.* Petitioner does not satisfy this burden. In his reply, Petitioner acknowledges his "past legal indiscretions resulting in misdemeanor

---

[1] Some courts in this District have questioned the continued viability of *Finetti*, especially post-AEDPA, and have concluded that a challenge to a state court's denial of bail pending appeal as being arbitrary is not cognizable on federal habeas review, based on the general principle that state courts' applications of their own laws that do not implicate a fundamental right protected by the federal Constitution, as interpreted by the United States Supreme Court, are not subject to federal habeas review. *See, e.g.*, *Garson*, 541 F. Supp. 2d at 524-30; *Mitchell*, 409 F. Supp. 3d at 120-21.

convictions," but argues that he now understands the negative impact they have had on his life. *See* ECF No. 6 at 5; ECF No. 9-1 at 11-12 (noting the Petitioner's recidivism and criminal history). Federal habeas courts do not "sit as appellate courts to review the use or abuse of discretion of state courts in the granting or withholding of bail pending appeal." *Finetti*, 609 F.2d at 600 (internal quotation marks omitted). Based on the record before it, this Court cannot conclude that there was no rational basis for denial of Petitioner's bail application.

### B. Exhaustion

Petitioner's claim also suffers from the fact that he has failed to satisfy the exhaustion requirement. In his petition, Rodriguez concedes that he has not exhausted his state court remedies through a state habeas corpus petition. *See* ECF No. 6 at 8 ("Requiring Mr. Rodriguez to first file a state habeas corpus petition would be an exercise in futility."). The Second Circuit has long held that "even if there were some doubt as to the availability of relief in the New York courts, we still would give its courts the first chance to review their alleged errors so long as they have not authoritatively shown that no further relief is available." *See U.S. ex rel. Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Petitioner argues that under New York law, only one application for bail pending appeal can be made and thus, there is no state court remedy and any requirement to commence a state habeas corpus proceeding would simply be a procedural hurdle. *See* ECF No. 6 at 8; ECF No. 10 at 1-2. However, the law in this Circuit is clear that if there is a constitutionally protectable interest in the denial of bail pending appeal, state habeas corpus relief *is* necessarily available to assert it. *See Brown*, 572 F.2d at 406 (finding that petitioner had not exhausted his state remedies because "it is likely that a state habeas corpus application would be available" for review of his challenge to the denial of his right to bail pending appeal); *Finetti*, 609 F.2d at 597 ("[E]xhaustion requires a state prisoner to have

9

commenced a state habeas corpus proceeding for the purpose of raising the same constitutional challenges to the denial of bail as he seeks to present in his federal habeas corpus proceeding."); *Garson*, 541 F. Supp. 2d at 520 ("[T]he language of the state habeas corpus statute is broad enough to procedurally encompass review of the denial of bail pending appeal."); *Dorsey v. Martuscello*, Nos. 9:15-CV-0821 (GLS) and 9:15-CV-0820 (GLS), 2016 WL 552954 at *3 (N.D.N.Y. Feb. 10, 2016) (citing to *Garson*, 541 F. Supp. 2d at 520); *O'Neal*, 465 F. Supp. 3d at 218 (citing to *Garson*, 541 F. Supp. 2d at 519-20).

Petitioner relies primarily on *Finetti* to argue that requiring him to file a state habeas corpus petition would be an exercise in futility, but the facts in *Finetti* are inapposite and not present here. *See* ECF No. 10 at 2-3. In *Finetti*, which also presented a habeas petition arising from the denial of bail pending appeal, the Court declined to require further efforts at exhaustion because the clerk of the Appellate Division rejected the petitioner's state habeas petition seeking review of an order denying bail pending appeal. Noting that the clerk's decision is not appealable, the "Second Circuit found that the clerk[']s action foreclosed all avenues of state review to the petitioner absent extraordinary remedies like mandamus to compel the clerk to accept the habeas petition, remedies which the Second Circuit found were too much to ask." *Garson*, 541 F. Supp. 2d at 520. The *Finetti* decision does not disavow the availability of state habeas corpus to advance a challenge to the denial of bail pending appeal, but rather, concluded that petitioner, in that case, had exhausted his state remedies by filing a state habeas corpus petition that the clerk rejected. Here, Petitioner never commenced a state habeas corpus proceeding regarding his bail. *See* ECF No. 6 at 8; ECF No. 10 at 2.

10

## **CONCLUSION**

For the foregoing reasons, the Court dismisses the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with prejudice.  The Clerk of the Court shall enter judgment accordingly and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Court further finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability ("COA") shall not issue.  *See* 28 U.S.C. § 2253(c)(2).  Any further request for a COA must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b).

The Clerk of Court is directed to serve a copy of this Memorandum and Order upon *pro se* petitioner.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       June 17, 2022