UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRANDON S. RODRIGUEZ,

              Petitioner,

v.

BRIAN MCAULIFFE,

              Respondent.

**ORDER**
21-CV-06543 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On June 17, 2022, the Court denied Petitioner Brandon S. Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 11. A judgment was issued on June 22, 2022. ECF No. 12. On August 16, 2022, Petitioner filed a motion for an extension of time to file his notice of appeal, along with his notice of appeal to the Second Circuit. ECF No. 13.[1] The Second Circuit determined that the notice of appeal was untimely and remanded the action to this Court to rule on Petitioner's motion for an extension of time to appeal pursuant to Fed. R. App. P. 4(a)(5). ECF Nos. 15, 16.

Notices of appeal must generally be filed with the district court clerk within 30 days after entry of the judgment or order appealed from. *See* Fed. R. App. P. 4(a)(1). The district court may extend the time for a party to file a notice of appeal if "that party shows excusable neglect or good cause," and moves for an extension of time "no later than 30 days after the time prescribed by . . . Rule 4(a) expires." Fed. R. App. P. 4(a)(5). "'The excusable neglect standard

---

[1] This Court will consider the date Petitioner mailed his Petition as the filing date. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (citing *Houston v. Lack*, 487 U.S. 266 (1988)) ("This 'prison mailbox' rule is justified by the litigant's dependence on prison mail system and lack of counsel to assure timely filing with the court.").

applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.' The 'good cause' standard, in contrast, 'applies in situations in which there is no fault — excusable or otherwise,' such as when 'the Postal Service fails to deliver a notice to appeal.'" *Alterescu v. New York City Dep't of Educ.*, No. 21-cv-925, 2022 WL 17540485, at *1 (S.D.N.Y. 2022) (citing Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendments). Petitioner moved for an extension on August 16, 2022, less than 30 days "after the time prescribed by . . . Rule 4(a) expires." Fed. R. App. P. 4(a)(5). Moreover, Petitioner states that he did not receive the judgment until August 1, 2022, only "after [he] called the District Court's Pro Se Office on July 26th, 2022 to see if any update[s] had been made on the case." ECF No. 13 at 1. A docket entry confirms that the Clerk of Court did not mail the Court's order dismissing his petition and the judgment until July 27, 2022, after the 30-day time limit to file a notice of appeal. Petitioner subsequently mailed his notice of appeal on August 16, 2022, within 30 days of receiving the judgment. ECF No. 13 at 2–3. Accordingly, the Court finds that Petitioner meets the standard for good cause and grants Petitioner's motion for extension of time.

SO ORDERED.

                                                  */s/ Hector Gonzalez*
                                                    HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
       February 3, 2023